# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-mj-7 (GMH) |
| : | |
| SHAWN SCHAEFER, : | |
| : | |
| : | |
| Defendant. : | |

## CONSENT MOTION TO CONTINUE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court for a 60-day continuance of the June 11, 2024, preliminary hearing scheduled in the above-captioned matter, and further to exclude the time within which the Indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

- On January 17, 2024, the defendant was charged by Complaint with violations of 1752(a)(1) and (a)(2) (Entering and Remaining in a Restricted Building or Grounds and Disorderly or Disruptive Conduct in a Restricted Building or Grounds) and 40 U.S.C. §§ 5104(e)(2)((C), (2)(D), and (2)(G) (Entering and Remaining in Certain Rooms in the Capitol, Disorderly Conduct in a Capitol Building, and Parading, Demonstrating, or Picketing in a Capitol Building) in connection with conduct occurring during the breach on the United States Capitol on January 6, 2021 (the "Capitol Attack").

- Mr. Schaefer is represented by Mr. Theo Torres of the Federal Defenders of San

- Diego. Undersigned counsel for the United States has spoken with Mr. Torres, who has consented to a continuance.

- On March 13, 2024, the government filed an unopposed motion for the entry of a protective order governing the production of discovery in this matter to Mr. Schaefer. On March 20, 2024, the Court granted that order. The government has made discovery productions to the defendant and anticipates making additional productions in the coming weeks.

- Undersigned counsel for the United States has conferred with the defendant's attorney and he consents to a continuance of the preliminary hearing in this matter The parties agree that it is in the interests of justice to adjourn the preliminary hearing so that the government can continue producing discovery to the defendant, the defendant's counsel may continue to review said discovery, and so that the parties can seek a resolution to this case without a trial.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing*

3

§3161(h)(7)(B)(ii), (B)(iv)). An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Given the gigabytes of information contained not only in case-specific discovery, but also the terabytes of information in the global discovery available to all defendants, it will take time to search and review discovery materials.

In sum, due to the volume and nature of potentially discoverable materials and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants fin a speedy trial.

WHEREFORE, the government and defendants respectfully request that this Court grant a 60-day continuance of the June 11, 2024, preliminary hearing, scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   *s/ Sean P. McCauley*
        SEAN P. McCAULEY
        Assistant United States Attorney
        New York Bar No. 5600523
        United States Attorney's Office
        For the District of Columbia
        601 D. Street, NW
        Washington, DC 20530
        Sean.McCauley@usdoj.gov